COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 5, 2025

Thomas V. Ayala, Esquire
Klehr Harrison Harvey Branzburg LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

Seth A. Niederman, Esquire
Fox Rothschild LLP
1201 North Market Street, Suite 1200
Wilmington, DE 19801

RE: ***Alex Capano, et al. v. Ecofibre Limited, et al.,***
Civil Action No. 2024-0164-MTZ

Dear Counsel:

This letter resolves the final piece of Defendants' motion to dismiss: Plaintiffs' claim for unjust enrichment against Ecofibre, EUSA, and the Individual Defendants.[1] The motion is granted in part and denied in part as to that claim.

Unjust enrichment is the "unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity or good conscience."[2] To succeed on a claim for unjust enrichment, a complainant must prove: "(1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and the impoverishment; [and] (4) the absence of justification" for the benefit.[3]

"Further, in evaluating a party's claim for an equitable remedy based on unjust enrichment, courts inquire at the threshold as to whether a contract already governs the parties' relationship."[4] "If a contract comprehensively governs the

---

[1] Docket item ("D.I.") 18 ¶¶ 310–14. This letter adopts the complaint's defined terms.

[2] *McPadden v. Sidhu*, 964 A.2d 1262, 1276 (Del. Ch. 2008).

[3] *State ex rel. Jennings v. Monsanto Co.*, 299 A.3d 372, 390 (Del. 2023) (citing *Garfield ex rel. ODP Corp. v. Allen*, 277 A.3d 296, 351 (Del. Ch. 2022)). "Technically, [impoverishment] is not a necessary element." *Principal Growth Strategies, LLC v. AGH Parent LLC*, 2024 WL 274246, at *12 (Del. Ch. Jan. 25, 2024).

[4] *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 58 (Del. Ch. 2012).

relevant relationship between the parties, then the contract must provide the measure of the plaintiff's rights, and any claim of unjust enrichment will be denied."[5]  Put differently, "[a] claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim."[6]  An unjust enrichment claim pled in the context of a contract may survive a motion to dismiss where the "factual basis for the unjust enrichment claim [is] independent of the allegations supporting the breach of contract claim."[7]

Here, Plaintiffs do not dispute that the Operating Agreement governs the relationship between EOF and EUSA.  But it appears, at least at this stage, that the allegations supporting an unjust enrichment claim are independent of allegations that could support a breach of the Operating Agreement.  In other words, the Operating Agreement does not comprehensively govern that aspect of the parties' relationship.[8]  As I explained in yesterday's bench ruling, Plaintiffs' Count I for breach of a purported standard of care in Section 14.01(b) of the Operating Agreement failed because that provision contains no such standard.  Defendants did not identify any contractual provision that could govern the allegations underlying Plaintiffs' unjust enrichment claim—i.e., that Defendants knowingly misallocated EUSA's operational costs to boost Ecofibre's stock value and used EOF funds to pay expenses of Ecofibre and EUSA.[9]

---

[5] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 3496694, at *12 (Del. Ch. June 29, 2020).

[6] *Kuroda v. SPJS Hldgs, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009).

[7] *Stone & Paper Invs.*, 2020 WL 3496694, at *12–13 (declining to dismiss unjust enrichment claim because the underlying allegations could not constitute a breach of the LLC agreement and the Court therefore could not conclude "that the LLC Agreement comprehensively govern[ed] the relationship"); *see also In re Molycorp, Inc. S'holder Deriv. Litig.*, 2015 WL 3454925, at *11 (Del. Ch. May 27, 2015) ("Unjust enrichment claims fail where a validly negotiated contract governs the contested matter, although the Court can be wary of granting a motion to dismiss when it is not clear that the contract covers the entire dispute.").

[8] *See Stone & Paper Invs.*, 2020 WL 3496694, at *12–13.

[9] *See* D.I. 18 ¶¶ 156–57.

Plaintiffs' claim against the Individual Defendants nonetheless fails because it is not fairly pled. In their brief, Plaintiffs attempt to frame the alleged enrichments to Ecofibre and EUSA as enrichments to the Individual Defendants, arguing they "were Board members and/or officers of Ecofibre and/or EUSA" and "knowingly misallocated EUSA's operational costs to EOF to drive up the value of Ecofibre stock."[10] But those benefits run to Ecofibre and EUSA, not the Individual Defendants. Plaintiffs have not alleged a benefit to the Individual Defendants, nor provided any authority that a company officer is unjustly enriched merely because the company was unjustly enriched. The claim is dismissed as to the Individual Defendants.

Defendants' motion to dismiss Plaintiffs' unjust enrichment claim is granted as to the Individual Defendants and denied as to Ecofibre and EUSA. The parties shall submit a stipulated proposed implementing order resolving the motion to dismiss, taking care to specify the fate of each count given the complaint's duplicative numbering.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*

---

[10] D.I. 55 at 52–53.